Angel R. Sevilla (State Bar No. 239072)
Kevin Ha (State Bar No. 322252)
JACKSON LEWIS P.C.
50 California Street, 9th Floor
San Francisco, California 94111-4615
Telephone: (415) 394-9400
Facsimile:  (415) 394-9401
E-mail: Angel.Sevilla@jacksonlewis.com
E-mail: Kevin.Ha@jacksonlewis.com

Attorneys for Defendant
COLT BUILDERS, CORP.

Roger M. Mason (State Bar No. 107486)
Sweeney Mason LLP
983 University Ave, Ste C104
Los Gatos, CA 95032-7637
Telephone: (408) 356-3000
E-mail: rmason@smwb.com

Attorneys for Defendant
MCRT NORTHERN CALIFORNIA
CONSTRUCTION, LP

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WORKFORCE DEFENSE LEAGUE, | Case No. |
| Plaintiff, | **JOINT NOTICE OF REMOVAL OF ACTION TO FEDERAL COURT UNDER 28 U.S.C. §§ 1332, 1446** |
| v. | |
| MCRT NORTHERN CALIFORNIA CONSTRUCTION, LP AND COLT BUILDERS, CORP. (ACHESON COMMONS), | State Complaint Filed: 10/29/2021 |
| Defendants. | |

TO THE HONORABLE JUDGE AND CLERK OF THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA:

Please take notice that Defendants COLT BUILDERS, CORP. ("Colt") and MCRT

NORTHERN CALIFORNIA CONSTRUCTION, LP ("MCRT") (collectively, "Defendants"), by

///

1

and through their counsel, invoke this Court's jurisdiction under 28 U.S.C. § 1332(d) and remove, pursuant to 28 U.S.C. § 1441, the above-entitled Complaint filed by Plaintiff Workforce Defense League ("Plaintiff") to this Court from the Superior Court of the State of California in and for the County of Alameda ("Alameda Superior Court").  Defendants submit this Joint Notice of Removal without waiving any defenses to the claims asserted by Plaintiff against Defendants and without conceding that Plaintiff has pled any claims upon which relief can be granted.  This removal is based on the following grounds:

## I.     DIVERSITY JURISDICTION

1.     This Court has original jurisdiction over this action under 28 U.S.C. § 1332(a), and this action is therefore one that may be removed to this Court by Defendant under 28 U.S.C. § 1441(a) because it is a civil action between citizens of different states and the amount in controversy exceeds the sum of $75,000, exclusive of interests and costs.

## II.    TIMELINESS OF REMOVAL

2.     On October 29, 2021, Plaintiff commenced an action in Alameda Superior Court entitled, *Workforce Defense League, Plaintiff v. MCRT Northern California Construction, LP and Colt Builders, Corp. (Acheson Commons), Defendants*, Case No. 21-cv-001928.

3.     A true and correct copy of the Complaint is attached as **Exhibit A** to this Notice of Removal.  The Complaint alleges a single cause of action for Unpaid Wages Owed to Wage Claimants.

4.     On November 9, 2021, Plaintiff served Defendants with a copy of the Summons and Complaint, along with a Civil Cover Sheet, Notice of Case Assignment, and ADR Information packet.  A true and correct copy of the Summons is attached hereto as **Exhibit B**.  A true and correct copy of the other documents served by Plaintiff with the Complaint and Summons are attached hereto as **Exhibit C**.  On November 18, 2021, Plaintiff filed both Proofs of Service of Summons and Complaint, a true and correct copy of which are attached hereto as **Exhibit D**.

5.     A defendant in a civil action has thirty (30) days from the date it is served with a summons and complaint in which to remove the action to federal court.  28 U.S.C. § 1446(b); *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347-48 (1999).  As Defendants

were served on November 9, 2021, this Notice of Removal is timely.  28 U.S.C. § 1446(b).

6.  Venue lies in the United States District Court for the Northern District of California pursuant to 28 U.S.C. § 1441(a), which provides in pertinent part that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending."  As stated above, Plaintiff brought this action in Alameda Superior Court.  Thus, venue properly lies in the United States District Court for the Northern District of California under 28 U.S.C. §§ 84(a), 1391(a) and 1441(a).

### III.  THE PROCEDURAL REQUIREMENTS OF 28 U.S.C. § 1446 ARE SATISFIED

7.  In accordance with 28 U.S.C. § 1446(a), this Notice of Removal is filed in the District in which the action is pending.  The United States District Court, Oakland or San Francisco Division, is the proper division for this action under Northern District of California, Local Rule 3-2(d), which states that all civil actions which arise in the County of Alameda shall be assigned to the Oakland or San Francisco Division.

8.  In accordance with 28 U.S.C. § 1446(a), copies of all process, pleadings, and orders served upon Defendants are attached as Exhibits to this Notice.

9.  In accordance with 28 U.S.C. § 1446(d), a copy of this Notice is being served upon counsel for Plaintiff, and a notice will be filed with the Clerk of the Superior Court of California for the County of Alameda.  Notice of compliance shall be filed promptly afterwards with this Court.

10.  As required by Federal Rule of Civil Procedure 7.1 and Local Rule 3-15, Defendants concurrently filed their Certificate of Interested Parties.

### IV.  THIS CASE IS REMOVABLE BASED ON DIVERSITY JURISDICTION

**A.  There Is Complete Diversity Between Plaintiff and Defendants**

11.  This Court has original jurisdiction under 28 U.S.C. § 1332, as the case is a civil action between citizens of different states, and the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs.

12.  Diversity of citizenship is determined "as of the time the complaint is filed and

removal is effected." *Strotek Corp. v. Air Transp. Ass'n of America*, 300 F.3d 1129, 1131 (9th Cir. 2002) (citations omitted).

13. A corporation, including a not-for-profit corporation, is a citizen of both its state of incorporation and the state in which it has its principal place of business. 28 U.S.C. § 1332(c)(1); *Hertz Corp. v. Friend*, 559 U.S. 77, 92-93. (2010). A corporation's principal place of business is where the corporation's officers direct, control, and coordinate the corporation's activities, *i.e.*, its "nerve center," typically the corporation's corporate headquarters or where actual corporate decision-making takes place. *Hertz*, *supra*, 559 U.S. at 80-81.

14. Defendant Colt is incorporated under the laws of the State of Nevada with its principal place of business in Utah. (Declaration of Maureen Main ("Main Decl."), ¶3.) Colt's high-level corporate officers maintain their offices in Utah, and many of its corporate-level functions are performed in Utah. (*Id.*) Additionally, many of Colt's administrative functions, including corporate finance and accounting, are directed from its Utah headquarters. (*Id.*)

15. Defendant MCRT is incorporated in the State of Delaware with its principal place of business in Texas. (Declaration of Jeff Schnurr, ¶ 3.) MCRT's executive, finance, accounting, marketing, and legal functions are all centralized at its Texas headquarters. Texas is where company-wide decisions and policies are made.

16. Plaintiff purports to be a "labor management cooperation committee" to bring an action on behalf of Wage Claimants under California Labor Code § 218.7. (Complaint, ¶ 1.) Based on information and belief, Plaintiff is not incorporated in nor has its principal place of business in Utah, Nevada, Delaware, or Texas.

17. Accordingly, under 28 U.S.C. § 1332, there is complete diversity between the parties.

**B.     The Amount In Controversy Exceeds $75,000**

18. Under 28 U.S.C. § 1332(a), the removal of a case is authorized when, among other factors above, the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs. This action also meets the amount in controversy requirement.

19. In this case, Plaintiff brings the lawsuit on behalf of all Wage Claimants, *i.e.*,

carpenters, who performed work for Defendants in "the erection, construction, alteration or repair of a building structure or other private work at and in connection with a construction project known as the Acheson Commons…" (Complaint, ¶ 5:11-14.)  In the Complaint, Plaintiff alleges a claim for a failure to pay Wage Claimants for each hour worked at the appropriate rate under Labor Code Sections 218.5, 510, 1182.12, 1194, and 1197.  (Complaint, ¶ 14-23.)

20.     Without conceding that Plaintiff is entitled to damages or can recover damages in any amount whatsoever, the amount in controversy in this action exceeds $75,000 exclusive of interests and costs.  28 U.S.C. § 1332(a).

21.     The damages Plaintiff contends it is entitled to recover *on behalf of all Wage Claimants for the Acheson Commons project* include unpaid wages, attorneys' fees, costs, and interest as provided by law.  (Complaint, p. 6 [Prayer for Relief].)  Each of these claims may be considered by the Court in determining jurisdictional amount. *See Simmons v. PCR Tech.*, 209 F. Supp. 2d 1029, 1033 (N.D. Cal. 2002).

22.     Where a plaintiff's state court complaint is silent as to the amount of damages claimed, the United States Supreme Court has held "a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold," but the statement need not contain evidentiary submissions. *See Dart Cherokee Basin Operating Co. LLC v. Owens*, 135 S. Ct. 547, 549 (2014).  If a plaintiff contests a defendant's allegations, the defendant need only demonstrate by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional threshold.  *See id* at * 12; *see also Sanchez v. Monumental Life Ins. Co.*, 95 F.3d 856, 860-61 (9th Cir. 1996); *Williams v. Best Buy Co., Ins., 269 F.3d 1316, 1319* (11th Cir. 2001) (courts may consider factual statements in defendant's notice of removal in assessment removal jurisdiction).

23.     In determining whether the amount in controversy exceeds $75,000, exclusive of interest and costs, the Court must presume the plaintiff will prevail on each and every one of his claims. *See Kenneth Rothschild Trust v. Morgan Stanley Dean Witter*, 199 F.Supp.2d 993, 1001 (C.D. Cal. 2002), *citing Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1096 (11th Cir. 1994) (the amount in controversy analysis presumes that "plaintiff prevails on liability"); *Angus v. Shiley, Inc.*, 989

5
NOTICE OF REMOVAL OF ACTION TO FEDERAL COURT
UNDER 28 U.S.C. §§ 1332, 1446                                    Case No.

F.2d 142, 146 (3d Cir. 1993) ("the amount in controversy is not measured by the low end of an open-ended claim, but rather by reasonably reading of the value of the rights being litigated").

24.     Plaintiff contends that Defendants violated California Labor Code § 510(a) and Industrial Welfare Commission Wage Order 16-2001, Cal. Code Regs., tit. 8, § 11160 ("Wage Order 16") by failing to pay all wages owed to a Wage Claimants of at least the applicable minimum wage because "Defendants required Wage Claimants to bring their own tools." (Complaint at ¶ 20). Wage Order 16(8)(B) provides: "When the employer requires the use of tools or equipment or they are necessary for the performance of a job, such tools and equipment shall be provided and maintained by the employer, except that an employee whose wages are at least two (2) times the minimum wage may provide and maintain hand tools and equipment customarily required by the particular trade or craft in conformity with Labor Code Section 2802."

25.     Based on Defendant Colt's records, there were a minimum of 83 unique carpenters who performed work on the alleged Acheson Commons project, and they worked approximately 1,225.8 workweeks. (Main Decl., ¶ 5.) During 2020 and 2021, the time period in which the Acheson project was worked on, the minimum wage in the state of California is $13.00 and $14.00. Assuming that the 83 unique carpenters each were conservatively entitled to five hours of minimum wage per week at the lower California minimum wage of $13.00, the amount in controversy would be $95,612.40, which includes $47,806.20 in unpaid minimum wages ($13.00 per hour * 3 hours per week * 1,225.8 workweeks) and $47,806.20 in liquidated damages ($13.00 per hour * 3 hours per week * 1,225.8 workweeks).

26.     Plaintiff also contends that "[d]uring the statutory period, Defendants failed to pay Wage Claimants all overtime compensation due. Wage Claimants have worked more than 8 hours in a day and/or 40 hours in a week without receiving overtime compensation at the rate of one and one-half times their regular rate in violation of Labor Code section 510 and 1994…" (Complaint, ¶ 21).

27.     California Labor Code § 510 provides that any work in excess of eight hours in one workday or in excess of forty hours in one workweek shall be compensated at the rate of no less than one and one-half times the employee's regular rate of pay.

28. Based on Defendant Colt's records, the 83 unique carpenters earned an average hourly rate of $28.25. (Main Decl., ¶ 5.) Assuming that the 83 unique carpenters each were conservatively entitled to one hour of overtime per workweek at the overtime rate of 1.5x the average hourly rate, the amount of controversy would be $51,943.27 ($28.25 * 1.5 overtime multiplier * 1225.8 workweeks).

29. Finally, Plaintiff claims that it is entitled to attorneys' fees under Labor Code § 218.7(b)(3). Complaint, p. 6 [Prayer for Relief] at ¶ 6. Attorneys' fees also may be taken into account to determine the jurisdictional amount. *Goldberg v. CPC Int'l, Inc.*, 678 F.2d 1365, 1367 (9th Cir. 1982); *see also, Alvarado v. Home Depot U.S.A. Inc.*, Case No. 18-cv-611-MMA(NLS), 2018 U.S. Dist. LEXIS 95435, at *7-10 (S.D. Cal. June 5, 2018) (post-removal attorney fees are included in the amount in controversy). Plaintiff's Complaint is seeking to recover its attorneys' fees and costs, which will certainly exceed $75,000 after trial. Even if the Court only considers attorneys' fees "that can reasonably be anticipated at the time of removal," "when viewed in combination with alleged compensatory, punitive, and emotional distress damages, the jurisdictional minimum is clearly satisfied." *Simmons v. PCR Tech.*, 209 F. Supp. 2d 1029, 1035 (N.D. Cal. 2002).

30. Based on the foregoing, and without conceding that Plaintiff is entitled to the damages it seeks, the potential recovery for Plaintiff exceeds $75,000 exclusive of interests and costs, thereby satisfying the jurisdictional amount.

**V.     CONCLUSION**

For the reasons set forth above, Defendants maintain that this action is properly removed to this Court.

Dated: December 9, 2021                         JACKSON LEWIS P.C.

By:   /s/ Angel R. Sevilla
      Angel R. Sevilla
      Kevin Ha
      Attorneys for Defendant
      COLT BUILDERS, CORP.
      CONSTRUCTION, LP

7
NOTICE OF REMOVAL OF ACTION TO FEDERAL COURT
UNDER 28 U.S.C. §§ 1332, 1446                                  Case No.

\*Counsel for Defendant MCRT NORTHERN CALIFORNIA CONSTRUCTION, LP, Roger M. Mason authorized submission of his e-signature on this document in writing, by e-mail dated December 8, 2021 at 3:16 PM

Dated: December 9, 2021

SWEENEY MASON LLP

By:  /s/ Roger M. Mason
Roger M. Mason
Attorney for Defendant
MCRT NORTHERN CALIFORNIA CONSTRUCTION, LP

4861-0092-6981, v. 1

8

NOTICE OF REMOVAL OF ACTION TO FEDERAL COURT
UNDER 28 U.S.C. §§ 1332, 1446                                Case No.