# Exhibit A

MATTHEW J. GAUGER, Bar No. 139785
EZEKIEL D. CARDER, Bar No. 206537
ANDREA MATSUOKA, Bar No. 289106
WEINBERG, ROGER & ROSENFELD
A Professional Corporation
431 I Street, Suite 202
Sacramento, California 95814
Telephone (916) 443-6600
Fax (916) 442-0244
E-Mail: courtnotices@unioncounsel.net
mgauger@unioncounsel.net
ecarder@unioncounsel.net
amatsuoka@unioncounsel.net

Attorneys for Plaintiff WORKFORCE DEFENSE LEAGUE

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## IN AND FOR THE COUNTY OF ALAMEDA

| | |
|---|---|
| WORKFORCE DEFENSE LEAGUE,<br><br>                  Plaintiff,<br><br>    v.<br><br>MCRT NORTHERN CALIFORNIA CONSTRUCTION, LP AND COLT BUILDERS, CORP. (ACHESON COMMONS),<br><br>                  Defendants. | Case No. 21CV001928<br><br>**COMPLAINT FOR UNPAID WAGES OWED TO WAGE CLAIMANTS**<br><br>Cal. Lab. Code § 218.7 |

## I. INTRODUCTION

This is an action brought by the Workforce Defense League ("WDL" or "Plaintiff") on its own behalf and on behalf of wage claimants against Colt Builders, Corp. ("Colt Builders") and MCRT Northern California Construction, LP ("MCRT") (collectively "Defendants") alleging that Defendants failed to pay wages owed to carpenters on Defendants' Acheson Commons mixed-use project in Berkeley, California (herein "Wage Claimants"). Plaintiff alleges that Defendants owe unpaid wages including overtime wages to Wage Claimants in violation of the California Labor Code and Industrial Welfare Commission Wage Order 16. Plaintiff, on behalf of Wage Claimants, seeks wages owed as defined by statute including wages, overtime, restitution, accounting, attorneys' fees and costs of suit.

Wage Claimants and all other similarly situated individuals are presently or formerly employed by Defendants as carpenters at the Defendants' Acheson Commons mixed-use project in Berkeley, California. During the statutory period, Defendants failed to compensate Wage Claimants for all hours worked, pay proper regular wages and overtime wages, and properly pay wages at separation. As a result of these violations, Wage Claimants were injured in the form of lost compensation over the statutory period.

## II. PARTIES

1. Workforce Defense League is a labor management cooperation committee formed pursuant to the Federal Labor Management Cooperation of 1978. (29 U.S.C. § 175(a).) WDL brings this action on behalf of Wage Claimants for unpaid wages owed to Wage Claimants pursuant to California Labor Code section 218.7(a) and (b)(3).

2. Defendant MCRT is a limited partnership doing business in California and is a person as defined in Labor Code section 18, Business and Professions Code section 17201 and is a direct contractor as defined in Labor Code section 218.7. MCRT holds a Contractors State License Board "B" General Building Contractor's license, License No. 977661.

3. Defendant Colt Builders, Corp. ("Colt Builders") is a corporation doing business in California and is a person as defined in Labor Code section 18, Business and Professions Code section 17201 and is a subcontractor defined in Labor Code section 218.7. Colt Builders holds a

2
COMPLAINT FOR UNPAID WAGES
Case No.

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
1001 Street, Suite 202
Sacramento, California 95814
(916) 443-6600

Contractors State License Board "B" General Building Contractor license and a "C-5" Framing and Rough Carpentry license, License No. 838036.

4. Venue is proper based on the location of the violations in the City of Berkeley within Alameda County, California where the events giving rise to this complaint occurred.

5. The relief requested is within the jurisdiction of this Court.

### III. FACTUAL ALLEGATIONS

6. The wages, hours and working conditions of individuals employed in the construction industries, including carpenters, are regulated by Industrial Welfare Commission Wage Order 16-2001, Cal. Code Regs., tit. 8, § 11160 ("Wage Order 16") and various provisions of the Labor Code.

7. Labor Code section 218.7 provides that a direct contractor, commonly known as a general contractor, is liable for wages owed by a subcontractor to wage claims "for the erection, construction, alteration, or repair of a building, structure, or other private work." (Lab. Code § 218.7(a)(1).) Section 218.7 is limited to "contracts entered into on or after January 1, 2018." (Lab. Code § 218.7(a)(1).) Section 218.7 provides a limited list of entities that can make a wage claim against the direct contractor and subcontractor on their own behalf without including wage claimants as plaintiffs, including "a joint-labor management cooperation committee established pursuant to the federal Labor Management Cooperation Act of 1978 (29 U.S.C. Sec. 175a)" ("LMCC"). (Lab. Code § 218.7(b)(3).)

8. During the four years prior to the filing of this action, under contracts executed after January 1, 2018, Defendants employed Wage Claimants in the erection, construction, alteration or repair of a building structure or other private work at and in connection with a construction project known as the Acheson Commons mixed-use project, located at 1979-1987 Shattuck Avenue, 2101-2113 University Avenue, 2125-2145 University Avenue, and 1922 and 1930 Walnut Street in Berkeley, California ("Project"). MCRT is the general contractor on the Project and Colt Builders is one of its subcontractors.

9. Defendants required Wage Claimants to provide their own tools, including compressors, nail guns, saws and hand tools.

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
1001 Street, Suite 201
Sacramento, California 95811
(916) 443-6600

3

COMPLAINT FOR UNPAID WAGES OWED TO WAGE CLAIMANTS
Case No.

10. Defendants failed to pay Wage Claimants for all regular hours worked.

11. Defendants failed to pay Wage Claimants for all overtime hours worked.

12. Defendants also failed to compensate Wage Claimants at the correct rate. Contractors must pay construction employees who provide and maintain their own tools twice the state minimum wage.

13. Plaintiff notified Defendants of their failure to make required wage payments by first class mail on December 15, 2020, pursuant to Labor Code section 218.7(a)(3). Defendants did not cure the violations.

## IV. FIRST CAUSE OF ACTION

**(FAILURE TO PAY FOR EACH HOUR WORKED AT THE APPROPRIATE RATE)**
(Labor Code Sections 218.5, 510, 1182.12, 1194, 1197,
Wage Order 16, § 3, 4, and 8)

14. Plaintiff realleges and incorporates paragraphs 1 through 13 inclusive, as though fully set forth herein.

15. California law requires employees be compensated at no less than the appropriate minimum wage for each and every individual hour worked.

16. Labor Code section 510(a) states an employee must be compensated for "work." Section 510(a) and Wage Order 16, section 3 provide that any work in excess of eight hours in one workday or in excess of forty hours in one workweek shall be compensated at the rate of no less than one and one-half times the employee's regular rate of pay, and that any work in excess of 12 hours in one day shall be compensated at the rate of no less than twice the employee's regular rate of pay.

17. Labor Code section 1182.12 and Wage Order 16, section 4, establish the state minimum wage. Wage Order 16, section 8, establishes that workers required to bring their own tools must be paid twice the state minimum wage. Payment of less than the minimum wage, as fixed by the Industrial Welfare Commission or any applicable state or local law, is unlawful pursuant to Labor Code section 1197.

18. Labor Code section 1194 provides for a private right of action to recover wages for

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
1001 I Street, Suite 201
Sacramento, California 95814
(916) 443-6600

COMPLAINT FOR UNPAID WAGES OWED TO WAGE CLAIMANTS
Case No.

hours worked but not compensated, including interest, reasonable attorney's fees, and cost of suit. Labor Code section 218.5 also provides for reasonable attorney's fees and costs to the prevailing party in actions brought for the nonpayment of wages. In the case of a failure of a subcontractor to pay all wages owed to a wage claimant on private work, Labor Code section 218.7 allows an LMCC to seek such wages from the direct contractor and subcontractor on the wage claimant's behalf.

19. Wage Claimants worked for Defendants for hours which they were not compensated.

20. During the statutory period, Defendants failed to pay Wage Claimants for all regular hours worked in violation of Labor Code section 1197 and Wage Order 16, sections 4 and 8. Some hours were not compensated at the correct rate; other hours were not compensated at all. Wage Order 16, section 8, required Defendants to pay Wage Claimants twice the state minimum wage, because Defendants required Wage Claimants to bring their own tools. Defendants failed to compensate Wage Claimants for all hours worked at the appropriate minimum rates in violation of Labor Code sections 510 and 1197 as well as Wage Order 16, sections 3, 4, and 8.

21. During the statutory period, Defendants failed to pay Wage Claimants all overtime compensation due. Wage Claimants have worked more than 8 hours in a day and/or 40 hours in a week without receiving overtime compensation at the rate of one and one-half (1½) times their regular rate in violation of Labor Code sections 510 and 1194 and Wage Order 16, sections 3, 4 and 8.

22. WDL, on behalf of Wage Claimants, seeks to recover compensation for time worked but not paid, attorneys' fees and costs under Labor Code sections 218.5, 218.7 and 1194 and Wage Order 16. WDL is an LMCC authorized to seek such compensation pursuant to Labor Code section 218.7(b)(3).

23. WDL also seeks interest on all wages due on behalf of Wage Claimants, pursuant to Labor Code sections 218.6 and 218.7, and reasonable attorneys' fees and costs associated with bringing this action pursuant to Labor Code sections 218.5, 218.7 and 1194.

Wherefore, Plaintiff prays for judgment as set forth below.

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
1001 Marina Village Parkway, Suite 200
Alameda, California 94501
(510) 337-1001

5
COMPLAINT FOR UNPAID WAGES OWED TO WAGE CLAIMANTS
Case No.

## V. PRAYER FOR RELIEF

Plaintiff prays for judgment as follows:

1. For preliminary and permanent injunctive relief prohibiting the Defendants, its officers, agents and all those acting in concert with them from committing these violations herein alleged;

2. For an award of damages in an amount according to proof with interest thereon;

3. For an award of restitution and wages according to proof under Labor Code sections 510; 1182.12, 1194, 1197 and any other applicable provision;

4. For an equitable accounting to identify, locate, and restore to all current and former Wage Claimants the wages they are due;

5. For interest under Labor Code sections 218.6, 218.7 and 1194 and any other applicable provisions;

6. For an award of reasonable attorneys' fees, costs and interest thereon pursuant to Labor Code sections 218.5, 218.7 and 1194, CCP § 1021.5, and any other applicable provision; and

7. For such other and further relief as this Court deems just and proper.

Dated: October 29, 2021

WEINBERG, ROGER & ROSENFELD
A Professional Corporation

By: _____
Matthew J. Gauger
Andrea Matsuoka
Attorneys for Plaintiff WORKFORCE DEFENSE LEAGUE

151573\1217931